# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEA PADGETT; | ) |
| Plaintiff | ) Civil Action No. _____ |
| v. | ) COMPLAINT AND |
| | ) JURY TRIAL DEMAND |
| BRUMAR MECHANICAL CONTRACTORS LLC; | ) |
| Defendant | ) |

Plaintiff Shea Padgett, through undersigned counsel, hereby alleges as follows:

## THE PARTIES

1. Shea Padgett is an individual of the full age of majority and a resident of Lafourche Parish, Louisiana.

2. Defendant BruMar Mechanical Contractors, LLC, ("BruMar") is a Louisiana limited liability company with its domicile address at 415 Technology Lane in Gray, Louisiana.

3. All natural persons with an ownership or membership interest in BruMar reside within and are domiciliaries of the Eastern District of Louisiana.

## FACTUAL BACKGROUND

4. Mr. Padgett is a former employee of BruMar, and was employed there most recently from March to June 2020, as a plumber's helper.

5. On June 11, 2020, Mr. Padgett was forced to call an ambulance when his mother Jean Landry fell suddenly ill and would not wake up. The paramedics told Mr. Padgett to bring Ms. Landry to a doctor as soon as possible.

6. That same day, Mr. Padgett called his foreman, Lesley Dupre, to explain why he

had missed work.

7. On the morning of June 12, 2020, Ms. Landry was still very ill. Mr. Padgett took her to the Emergency Room at Thibodaux Regional Health, where she took a coronavirus test. (The test results would later come back positive). She was told to quarantine because of the likelihood that she had coronavirus.

8. While at the hospital, Mr. Padgett was also verbally advised that both he and his son were required to quarantine, as they had likely been exposed to the coronavirus.

9. Mr. Padgett did in fact quarantine for two weeks, as instructed.

10. On June 12, 2020, Mr. Padgett called Lesley Dupre to tell him about Ms. Landry's coronavirus test, and that he had been advised to quarantine.

11. He also told Mr. Dupre that his son's daycare, Lots-o-Tots, had been closed because of several positive coronavirus tests among staff (including Ms. Landry, who worked at the daycare).

12. Mr. Padgett specifically mentioned that a law had recently been passed providing relief to individuals suffering from coronavirus.

13. In response, Mr. Padgett was fired.

14. Mr. Dupre told Mr. Padgett that he was being fired on orders of Joey Marcentel, one of the owners of BruMar.

15. Mr. Padgett then called Mr. Marcentel. Mr. Marcentel told Mr. Padgett he would call him back on Monday (i.e., June 15, 2020). Mr. Marcentel never called Mr. Padgett back.

16. After he was fired, Mr. Padgett reached out to BruMar (through counsel) and made amicable demand to resolve this dispute without the need for legal action. BruMar did not respond to the letter.

## JURISDICTION AND VENUE

17. Plaintiff brings this suit under the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No. 116-127 (Mar. 18, 2020) and specifically under the Emergency Paid Sick Leave Act ("EPSLA"), *id.* at §§ 5102-5111, and the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), *id.* at §§ 3101-3106.

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

19. Defendant resides within this District, and a substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court. 28 U.S.C. § 1391.

20. At all times herein, Defendant employed fewer than 500 employees.

21. Defendant is an "employer" as that term is defined by the EPSLA and the EFMLEA.

22. At the time of his termination, Mr. Padgett was an eligible employee entitled to the protection of the EPSLA and the EFMLEA.

23. Plaintiff hereby requests a trial by jury on all counts so triable.

## FIRST CAUSE OF ACTION

## EMERGENCY PAID SICK LEAVE ACT

24. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

25. The EPSLA requires employers to offer full-time employees at least 80 hours of paid sick leave to the extent that an employee is unable to work (or telework) because of the coronavirus, including employees who have been "advised by a health care provider to self-quarantine," and employees who are "caring for an individual" with the coronavirus.

26. At the time of his termination, Mr. Padgett was entitled to paid leave under the EPSLA.

27. Defendant did not offer Mr. Padgett paid sick leave.

28. Instead, Defendant terminated Mr. Padgett because he was unable to work.

29. Defendant's refusal to offer paid leave constitutes a violation of the minimum wage provisions of the Fair Labor Standards Act. *See* FFCRA, § 5105(a). Plaintiff seeks all relief available pursuant to Section 6 of that Act for this violation.

30. Defendant's termination of Mr. Padgett constitutes a violation of the anti-retaliation provision of the Fair Labor Standards Act. *See* FFRCRA, § 5105(b). Plaintiff seeks all relief available pursuant to Section 15(a)(3) of that Act, including recompense for Plaintiff's loss of past and future earnings, job benefits, injury to his reputation and employability, emotional distress, and additional expenses, all of which are continuing.

31. Defendant has not acted in good faith and is liable for liquidated damages as provided by law.

32. Defendant's unlawful and retaliatory termination was outrageous and malicious, intended to injure the Plaintiff and done in conscious disregard of his civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

## EMERGENCY FAMILY AND MEDICAL LEAVE EXPANSION ACT

33. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

34. The EFMLEA provides for leave for an individual who is unable to work "due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency."

35. The daycare which Mr. Padgett's son attended closed due to the coronavirus quarantine.

36. Mr. Padgett was therefore entitled to leave under the EFMLEA.

37. Defendant did not offer Mr. Padgett leave under the EFMLEA. Instead, it fired him.

38. By denying Mr. Padgett's leave request, and terminating him, Defendant interfered with his federally guaranteed rights under the EFMLEA.

39. Defendant's termination was also in retaliation for his assertion of his federally guaranteed rights under the EFMLEA.

40. As a direct and proximate result of this unlawful conduct, Plaintiff has suffered and continues to suffer from damages to be proven at trial.

41. Defendant has not acted in good faith and is liable for liquidated damages as provided by law.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

   a. For an award of all lost wages, including back wages, future wages, and other damages according to proof;

   b. For an award of liquidated damages;

   c. For an award of emotional distress damages and other general damages;

   d. For an award of reasonable attorney's fees and costs of suit;

   e. For an award of punitive or exemplary damages;

   f. For injunctive or equitable relief as provided by law;

   g. For pre and post-judgment interest to the extent provided by law; and

   h. For such other and further relief as may be just and proper.

[Signature block on next page]

Respectfully Submitted,

*/s/ Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite #104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**ATTORNEY FOR PLAINTIFF
SHEA PADGETT**